IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR 05-67-KI, CR 05-322-KI |
| | ) | CV 06-70008-KI, CV 06-70009-KI |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| RICHARD HERALD WALTON, | ) | |
| | ) | |
| Defendant. | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Frank Noonan
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Plaintiff

Richard Herald Walton
Reg. No. 68517-065
CI Taft
Federal Correctional Institution
P. O. Box 7001
Taft, CA 93268

    Pro Se Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Before the court is the motion, under 28 U.S.C. § 2255, for the review and reconsideration of sentence (#46, CR 05-67-KI) and (#17, CR 05-322-KI) filed by defendant Richard H. Walton. For the reasons set forth below, I deny the motion.

## PROCEDURAL BACKGROUND

On September 6, 2005, defendant pled guilty to two counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a).

On November 28, 2005, the court sentenced defendant to 60 months incarceration, followed by a three-year term of supervised release. Defendant's criminal history category was I, and his total offense level was 28, resulting in an advisory guideline range of 78-97 months. Judgment was entered on December 16, 2005, with an Amended Judgment entered on January 3, 2006 to correct a typographical error. Defendant did not file a direct appeal.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may

deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

There is no need for an evidentiary hearing to decide this motion for two reasons. First, defendant requests relief for reasons that are not recognized by 28 U.S.C. § 2255 and, second, the defendant waived his right to file this petition.

Defendant requests that the court shorten his sentence for a number of reasons, including that his behavior was not characteristic of him, he immediately owned up to his illegal acts, and that he earned reports of "excellent" for his pretrial release supervision performance. These reasons do not meet the Section 2255 criteria for vacating, setting aside or correcting a sentence. Defendant has not identified a violation of the Constitution or statutes, and does not contend that the court was without jurisdiction.

Secondly, defendant waived the right to file this petition under Section 2255. The Ninth Circuit "regularly enforces 'knowing and voluntary' waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, and do not violate public policy." United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000) (citations omitted). The test of the validity of a waiver is whether it was made knowingly and voluntarily, determined by the "circumstances surrounding the signing and entry of the plea agreement." Id. at 1066-68.

The defendant's agreement to enter his plea of guilty contained the following paragraph:

8. <u>Waiver of Appeal/Post Conviction Relief</u>: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction or sentence on any grounds unless (1) the sentence imposed exceeds the statutory maximum penalty, or (2) the court arrives at an advisory sentencing guidelines range by applying an upward departure under the provisions of U.S.S.G. Chapter Chapter 5K, or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory sentencing guideline range. Should defendant seek an appeal despite this waiver of that right, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral challenge, including a motion for relief under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except for a claim of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

The defendant presents no facts from which I can find that his waiver was uninformed or otherwise defective. He does not take issue with his counsel's assistance, and the circumstances mentioned in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2) are not applicable. The defendant clearly and unambiguously waived the right to appeal his conviction and sentencing as outlined in the plea agreement. The court has no jurisdiction to consider his Section 2255 petition.

I also note that I took a number of the factors defendant raises in sentencing defendant to 60 months, rather than the 78 to 97 months outlined by the advisory sentencing guidelines.

## CONCLUSION

The motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence (#46, CR 05-67-KI) and (#17, CR 05-322-KI) filed by defendant Richard H. Walton is DENIED.

IT IS SO ORDERED.

Dated this ___26th___ day of January, 2007.

_____
Garr M. King
United States District Judge